UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DWIGHT J. MITCHELL,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | **No. 3:13-cv-00569** |
| ) | **Judge Trauger** |
| v. ) | |
| ) | |
| **WILSON TAYLOR,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## O R D E R

Pending before the court is a *pro se* complaint brought by Dwight Mitchell, Regina Mitchell, Carrie Mitchell, and the Sun Valley Home for the Aged against Wilson Taylor, Tommy Thompson, Mary Holder, and Guardian Home Care Holdings, Inc. (Docket No. 1). Applications to proceed *in forma pauperis* have been submitted by or on behalf of Dwight Mitchell, Regina Mitchell, and Carrie Mitchell. (Docket Nos. 2, 3, and 4).

Plaintiffs Dwight and Regina Mitchell are married residents of Madison, Tennessee. Plaintiff Carrie Mitchell is the twelve-year-old child of Dwight and Regina Mitchell, and she resides at the same address as her parents. The Sun Valley Home for the Aged is a business intended to house and provide assisted living accommodations to elderly persons; it is owned and managed by three general partners, one of whom is Dwight Mitchell.

Only Dwight Mitchell signed the complaint.[1] (Docket No. 1 at p. 6). However, every plaintiff must sign the complaint as per Rule 11(a), *Fed. R. Civ. P.* (every pleading must be signed by a party personally if the party is unrepresented). Therefore, the Clerk is **DIRECTED** to make

---

[1] Dwight Mitchell signed his name on the signature lines for his wife and daughter. He also signed on his own behalf and on behalf of the Sun Valley Home for the Aged. (Docket No. 1 at p. 6).

1

a copy of the plaintiffs' complaint for the court's records and return the original complaint to plaintiff Regina Mitchell for her signature. In turn, Regina Mitchell is **DIRECTED** to sign and return the original complaint to the court within fifteen (15) days of her receipt of this order.

As a minor, Carrie Mitchell has no standing to sue prior to reaching the age of majority. Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Consequently, in a civil rights action, "parents cannot appear *pro se* on behalf on their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970 (regarding a § 1983 action).

Thus, neither Dwight Mitchell nor Regina Mitchell, both of whom are lay persons, may bring this action on behalf of his or her minor daughter without legal representation. Accordingly, Carrie Mitchell's individual claims, and the claims asserted on her behalf by either parent or both parents, are **DISMISSED** without prejudice. Should either adult plaintiff wish to pursue his or her minor child's claims, should such claims exist, counsel must be obtained for the child.

It appears that the application to proceed *in forma pauperis* submitted on behalf of Regina Mitchell was prepared by Dwight Mitchell. (Docket No. 3).[2] Regina Mitchell must complete and sign her own application to proceed *in forma pauperis*.[3] The Clerk is **DIRECTED** to send Regina Mitchell a blank application to proceed *in forma pauperis* for non-prisoners. Regina Mitchell, in

---

[2] All three applications to proceed *in forma pauperis* appear to have been handwritten by Dwight Mitchell. Dwight Mitchell signed his name first on Regina Mitchell's application and appears to have signed her name below his signature. (Docket No. 3 at p. 1).

[3] If Regina Mitchell is unable to handwrite or otherwise complete her application, a written statement explaining why should be filed with the court.

turn, is **DIRECTED** to do one of the following within thirty (30) days of the date that she receives this order: either (1) pay her portion of the filing fee; or (2) complete the application to proceed *in forma pauperis* and return the properly completed application to the district court.

An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order. *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

Dwight Mitchell, Regina Mitchell, and Sun Valley Home for the Aged are advised that they cannot proceed as co-plaintiffs until Regina Mitchell signs and returns the original complaint and complies in all other respects with the court's order.

It is so **ORDERED.**

Aleta A. Trauger
United States District Judge